

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2006

# Jackson v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2044

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jackson v. USA" (2006). *2006 Decisions.* Paper 611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  03-2044

VINCENT JACKSON,

Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 00-cv-00664
District Judge: Hon. Harold A. Ackerman

Submitted Pursuant to Third Circuit LAR 34.1(a)

July 11, 2006

Before: SLOVITER, McKEE & RENDELL Circuit Judges
(Filed August 7, 2006)

OPINION

McKee, Circuit Judge

Vincent Jackson challenges the sentence the district court imposed after partially

granting the habeas petition Jackson had filed under 28 U.S.C. § 2255.  The court vacated

Jackson's conviction for his involvement in a cocaine trafficking conspiracy in violation

of 21 U.S.C. § 846, but reimposed the sentence of 300 months that the court had initially

imposed after the jury convicted Jackson of drug conspiracy (21 U.S.C. § 846), operating a continuing criminal enterprise (21 U.S.C. § 848(c)), and related offenses. The court granted a Certificate of Appealability and this appeal followed. Jackson now argues that the court erred in reimposing a sentence of 300 months total imprisonment even though his conviction for cocaine-trafficking had been vacated. For the reasons that follow, we will affirm.

Since we are writing primarily for the parties who are familiar with this dispute, we need only provide a brief statement of the procedural and factual background to facilitate our discussion.

Jackson's habeas counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Anders* only applies to direct appeals, and does not apply to collateral proceedings such as this habeas appeal. *See United States v. Youla*, 241 F.3d 296, (3d Cir. 2001). Appellate counsel has nevertheless followed the procedure required under *Anders* and now seeks to withdraw based upon his determination that Jackson has no meritorious appellate issue. In his *Anders* brief, counsel states: "Judge Ackerman, as well as this Court, heard Appellant's arguments, gave them the consideration. . . they were due, and after Judge Ackerman reduced Appellant's sentence, . . . concluded that the remaining relief he sought was without merit and denied same." Appellant's Br. at 12.

We agree that there are no meritorious issues for appeal. However, Jackson has filed a *pro se* brief in which he argues that the district court erred in reimposing a

2

sentence of 300 months imprisonment even though the court vacated his conviction for drug trafficking. That claim requires only brief discussion.

As noted, Jackson was convicted of engaging in a "continuing series of violations of "drug trafficking laws in violation of 21 U.S.C. § 848(c)(2) (continuing criminal enterprise or "CCE"). The § 846 conspiracy that he was convicted of was one of the predicate violations required for a CCE conviction under § 848. *See United States v. Edmonds*, 80 F.3d 810, 814 (3d Cir. 1996) (en banc). Jackson was also convicted of two counts of violating 21 U.S.C. § 841, both of which also constitute predicate offenses for a CCE conviction under 21 U.S.C. § 848. *See Richardson v. United States*, 526 U.S. 815 (1999). Accordingly, the fact that the court vacated Jackson's conviction for a separate conspiracy under § 846, did not negate the fact that the jury unanimously found beyond a reasonable doubt that Jackson committed each of the individual offenses comprising the CCE that he was also convicted of. *Id.*

Jackson does not dispute that the Offense Level for the two drug-trafficking offenses he was convicted of was 39. His Base Offense Level for violating § 841 was 34. Two levels were added based upon his possession of a handgun "in connection with" the offenses he was convicted of, and three more levels were added because he supervised at leave five others. After the district court allowed him a two point reduction for his rather belated acceptance of responsibility, the applicable advisory sentencing range under the Guidelines was 262 to 327 months. Jackson does not claim that his sentence of 300

3

months is unreasonable, and nothing on this record suggests that it is.

Accordingly, we agree with habeas counsel's representation that there are no nonfrivolous issues for appeal, and the judgment of sentence will be affirmed.